596883

EXCHANGE AGREEMENT

This Exchange Agreement, made this 21st day of June, 1990, between T-H Land Company, a Colorado General Partnership, of 1777 S. Harrison Street, Penthouse One, Denver, Colorado 80210, hereinafter referred to as the Landowner, and the United States of America, acting by and through the Forest Service, Department of Agriculture, in consideration of the appraisals by the parties hereto of the land or interest in land herein described and other good and valuable considerations, the receipt of which is hereby acknowledged, do hereby severally agree as follows:

WITNESSETH:

Pursuant to the General Exchange Act of March 20, 1922, (42 Stat. 465) and the Act of October 21, 1976 (90 Stat. 2743), the Landowner does hereby agree to convey to the United States of America the real property described in Schedule "A", attached hereto and made a part. In exchange therefore, the United States of America agrees to convey to the Landowner by patent issued by the Department of the Interior, the real property described in Schedule "B," attached hereto and made a part hereof. There will be a need to equalize exchange values pursuant to Section 206(b) of the Federal Land Policy and Management Act of 1976 (43 U.S.C. 1716) by the proponent paying TWENTY-SEVEN THOUSAND AND NO/100 DOLLARS ($27,000) to the United States of America.

First, the Landowner agrees to convey by Warranty Deed in accordance with Department of Justice standards when requested by the Forest Service, the lands or interest in lands described in Schedule "A" to the United States of America and its assigns, together with necessary documents required to convey good title, free from all encumbrances except those set forth in Schedule "A." Second, the Landowner agrees to furnish title evidence on the real property described in Schedule "A" in a form satisfactory to the Office of General Counsel of the United States Department of Agriculture.

When title has been accepted by the Forest Service, the United States of America agrees to convey by patent the real property described in Schedule "B," subject to any encumbrances noted therein.

The Landowner agrees to deliver all necessary documents to the Forest Supervisor, San Juan National Forest, who will act as escrow holder.

The Landowner agrees to bear the cost of any survey necessary to properly describe and locate the real property described in Schedule "A."

The United States of America agrees to bear the cost of any survey necessary to properly describe and locate the real property described in Schedule "B."

Both parties agree not to do, or suffer others to do, any act by which the value of the real property which is the subject of the Agreement may be diminished or further encumbered. In the event any such loss or damage occurs from any cause, including acts of God, to the real property described in Schedules "A" or "B," prior to execution of deed or issuance of patent, either party may refuse without liability to complete the exchange.

This Agreement is subject to 30-day Congressional oversight and 45-day administrative appeal of the Decision Notice dated June 13, 1990.

San Juan National Forest - Atten: Pat Hickey
Rm 301
701 Camino del Rio

596883

No member of Congress, or Resident Commissioner, shall be admitted to any share or part of this agreement or to any benefit that may arise therefrom unless it is made with a corporation for its general benefit (18 U.S.C. 431, 433).

IN WITNESS WHEREOF, the Landowner and the Regional Forester, acting for and on behalf of the Forest Service, USDA, have executed this Agreement this ___21st___ day of ___June___, 1990.

T-H Land Company,
a Colorado General Partnership

By _____
RAYMOND T. DUNCAN
Partnership Manager


FOREST SERVICE
U.S. DEPARTMENT OF AGRICULTURE

By _____
GARY E. CARGILL
Regional Forester
Rocky Mountain Region

596883

## ACKNOWLEDGMENT

State of __Colorado__ )
                      ) SS:
County of __Denver__  )

On this __21st__ day of __June__, 1990, before me, __Peggy J. Schmidt__, a Notary Public in and for said State, personally appeared RAYMOND T. DUNCAN, as Partnership Manager, T-H Land Company, a Colorado General Partnership, known to me or satisfactorily proven to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the foregoing instrument for and on behalf of T-H Land Company; that he is authorized to so execute; that he knew the contents thereof; and that the same was the free and voluntary act of said partnership, by him performed.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____ Peggy J. Schmidt _____
Notary Public

My Commission Expires __Nov. 30__, 19__93__.


## ACKNOWLEDGMENT

State of Colorado )
                  ) SS:
County of __JEFFERSON__ )

On this __13th__ day of __June__, 1990, before me, __NANCY A. HOLLENKAMP__, a Notary Public in and for said State, personally appeared __Tom L. Thompson__, known to me or satisfactorily proven to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____ Nancy A. Hollenkamp _____
Notary Public

My Commission Expires __June 6__, 19__93__.

596883

## SCHEDULE A

Lands, interest in lands, that the Landowner will convey to the United States of America:

Fee title to the following lands in Colorado:

TRACT I:
T. 39 N., R. 9 W., New Mexico Principal Meridian

    Section 20: E1/2NE1/4
    Section 21: N1/2
    Section 22: N1/2NW1/4

TRACT II:
T. 37 N., R. 9 W., New Mexico Principal Meridian

    Section 21: SE1/4

TRACT III:
All that certain placer mining claim designated by the Surveyor General as Lot or Survey numbered 1614, known as the Needleton Placer Mining Claim, being more particularly described by the United States Patent recorded in Book 38 at Page 146, in the office of the Clerk and Recorder of La Plata County, Colorado.

TRACT IV:
All that certain placer mining claim designated by the Surveyor General as Lot or Survey numbered 1330, known as the Needle Mountain Placer, being more particularly described by the United States Patent recorded in Book 38 at Page 146, in the office of the Clerk and Recorder of La Plata County, Colorado.

LESS AND EXCEPT LOTS 2, 3 and 4 in Amended Needleton Wilderness Subdivision, according to the plat thereof filed for record September 19, 1973 as Reception No. 379826, in the office of the Clerk and Recorder of La Plata County, Colorado.

ALSO LESS AND EXCEPT that tract more particularly described as follows:
BEGINNING at a point on the West boundary line of the said Needle Mountain Placer, whence Corner No. 3 of Mineral Survey No. 1330 bears South $15°41'$ West, 3446.76 feet; thence South $67°00'$ East, 1001.84 feet to the East boundary line of the said Needle Mountain Placer; thence along said East boundary line North $32°20'35"$ East, 101.35 feet; thence North $67°00'$ West, 988.85 feet to the West boundary line of the said Needle Mountain Placer; thence; along said West boundary line South $39°25'$ West, 104.25 feet to the point of beginning.

Containing 809.74 acres, more or less, in La Plata County, Colorado.

596883

Subject to:

<u>Outstanding Rights:</u>

1. Right of proprietor of any penetrating vein or lode to extract his ore, in U.S. Patent recorded November 13, 1893, in Book 23 at Page 87 (S1/2NE1/4, S1/2NW1/4, Section 21, T39N, R9W, NMPM).

2. Right of proprietor of any penetrating vein or lode to extract his ore, and right of way for ditches or canals constructed by authority of United States, in U.S. Patent recorded August 30, 1915 in Book 102 at Page 401 (N1/2NE1/4, Section 21; N1/2NW1/4, Section 22, T39N, R9W, NMPM).

3. Right of way for any ditches or canals constructed by authority of United States, and a right of way for trail purposes in accordance with the provisions of the Act of February 29, 1925, as reserved in U.S. Patent recorded March 19, 1931 in Book 198 at Page 84 (E1/2NE1/4, Section 20; N1/2NW1/4, Section 21, T39N, R9W, NMPM).

4. Easement for right of way, 60 feet in width, for trail and roadway purposes, as granted to the United States of America by John E. Harris and Sterling Harris in instrument recorded September 20, 1946 in Book 259 at Page 108 (Tract I).

5. Right of proprietor of any penetrating vein or lode to extract his ore; and right of way for ditches and canals constructed by authority of United States, in U.S. Patent recorded December 24, 1909 in Book 102 at Page 122 (Tract II).

6. Right of way, 60 feet in width, for highway purposes for a highway to be located, constructed, operated and maintained across the SE1/4 of Section 21, Township 37 North, Range 9 West, N.M.P.M., under the authority of the Secretary of Agriculture of the United States and known as the Hermosa Creek Road, Project 2576, as set forth in Right of Way recorded April 10, 1964 in Book 474 at Page 90 (Tract II).

7. Right of proprietor of any penetrating vein or lode to extract his ore, in U.S. Patent recorded July 23, 1949 in Book 38 at Pages 145 and 146 (Tracts III and IV).

8. Undivided 1/4 interest in and to all minerals as reserved by Albert Markenson and Louise Markenson in Deed to Curtis C. Johnson, dated October 15, 1957, recorded July 3, 1963 as Reception No. 321190, and any and all assignments thereof or interests therein (Tracts III and IV).

9. Agreement between Willard A. Canode and Hazel Eileen Canode, parties of the first part, and Durango Properties, Inc., party of the second part, dated July 17, 1974, recorded January 13, 1976 as Reception No. 397776, to establish an easement, 10 feet in width, the centerline of which is more particularly described in said agreement, across Lot 1 for the benefit of both parties, also, a right of way easement across Lot 1 for an existing water line leading to the property of the parties of the first part (Tracts III and IV).

10. Right of way for the Durango & Silverton Narrow Gauge Railroad (Tracts III and IV).

11. Easement, 10 feet in width, for trail purposes as granted to the United States of America by La Plata Abstract Company, Trustee, in instrument recorded May 16, 1972 as Reception No. 370663 (Tracts (III and IV).

12. Easement, 10 feet in width, being 5 feet on each side of centerline, along all lot lines, front, back and sides, for ingress and egress and for public utilities, both overhead and underground, as set forth on the Amended plat of the Needleton Wilderness Subdivision, filed for record September 16, 1965 as Reception No. 336366 (Tracts III and IV).

Reservations: None

Other:

1. The Landowner agrees to donate the water rights (0.01 cubic foot) which they currently hold on the Big Springs tract in lower Hermosa to the United States as part of this exchange.

SCHEDULE B

Lands, interest in lands, that the United States will convey to the Landowner:

Fee title to the following lands in Colorado:

T. 39 N., R. 9 W., New Mexico Principal Meridian

    Section 13:  SW1/4NW1/4NW1/4NE1/4,
                      SW1/4NW1/4NE1/4,
                      SW1/4SE1/4NW1/4NE1/4,
                      SW1/4NE1/4,
                      W1/2W1/2SE1/4NE1/4,
                      W1/2W1/2NE1/4SE1/4,
                      W1/2W1/2SE1/4SE1/4,
                      W1/2SE1/4.

T. 39 N., R. 9 W., New Mexico Principal Meridian

    Section 24:  E1/2E1/2NE1/4NW1/4,
                      E1/2SE1/4NW1/4,
                      W1/2NE1/4,
                      W1/2NE1/4NE1/4,
                      W1/2SE1/4NE1/4, less that part of La Plata Electric Association Cascade Substation contained herein.

                      W1/2SW1/4SE1/4, less that part of Sarah "G" Lode contained therein MS No. 20762.

                      SE1/4SW1/4, less that part of Sarah "G" Lode contained therein.

    Section 25:  NE1/4NW1/4, less that part of Sarah "G" Lode contained therein MS No. 20762.

                      E1/2NW1/4NW1/4, less one (1) acre tract conveyed to T-H Land Company in the Quit Claim Deed filed in the Office of the La Plata County, Colorado, Clerk and Recorder under Reception Number 536017.

Containing 423.14 acres, more or less.

Subject to:

Outstanding Rights:

1.  Unpatented Lode claim, Serial No. 140710, named SNELL in T39N, R9W, Section 24, W1/2NE1/4, E1/2NW1/4 located 9-20-1972 by James A. Snell. Latest assessment year 1988.

596883

2. Right-of-way for Highway Project No. F 550-2(4) dated February 14, 1974, filed in the public records of La Plata County on March 4, 1974, as Reception No. 383068 and in the public records of San Juan County on March 22, 1974, as Reception No. 113317. Easement pertains to lands in SW1/4SE1/4, Sec. 13; W1/2NE1/4, SE1/4SW1/4, Sec. 24; T39N, R9W, NMPM.

Reservations:

1. Reserving to the United States of America a right-of-way thereon for ditches and canals constructed by the authority of the United States, Act of August 30, 1890 (26 Stat. 391).

2. Reserving to the United States of America the right to itself, its permittees or licensees, to enter upon, occupy and use any part or all of Sec. 13, SW1/4SE1/4; Sec. 24, NW1/4NE1/4, E1/2NW1/4, SE1/4SW1/4 less that part of Sarah "G" Lode contained therein MS No. 20762; and Sec. 25, NE1/4NW1/4, T39N, R9W, NMPM, lying within 50 feet of centerline of the transmission line right-of-way of the Western Colorado Power Company, FPC 400, Serial No. C-015944, for the purposes set forth in and subject to the conditions and limitations of Section 24 of the Federal Power Act of August 26, 1935, as amended (16 U.S.C. 818).

3. Reserving to the United States of America the right to itself, its permittees or licensees, to enter upon, occupy and use any part or all of Sec. 13, NW1/4NE1/4, T39N, R9W, NMPM, lying to within 50 feet of centerline of transmission line or telephone line right-of-way of the Western Colorado Power Company, FPC 734, Serial No. C-0123692, for purposes set forth in and subject to the conditions and limitations of Section 24 of the Federal Power Act of August 26, 1935, as amended (16 U.S.C. 818).

4. Reserving to the United States of America a right-of-way thereon for the existing Cascade Substation Access Road being 60 feet in width, lying 30 feet on each side of centerline, over and across the NE1/4 of Section 24, T39N, R9W, NMPM.

5. Reserving to the United States of America a right-of-way thereon for existing Forest Development Trail No. 511 being 10 feet in width, lying 5 feet on each side of centerline, over and across the SE1/4 of Section 24, T39N, R9W, NMPM.

Other:

1. Forest Service Special Use Permit for winter sports resort (structures only) to Durango Ski Corporation located within the SE1/4SW1/4 of Sec. 24, T39N, R9W, NMPM.

2. Forest Service Special Use Permit for winter sports resort (ski area) to Durango Ski Corporation located within Sections 24 and 25 of T39N, R9W, NMPM.

3. Forest Service Special Use Permit for power transmission substation and access road to La Plata Electric Association, Inc., over and across the NE1/4 of Sec. 24, T39N, R9W, NMPM.

596883

4. Forest Service Special Use Permit for liquid waste disposal to Purgatory Metropolitan District over and across the SW1/4NE1/4 of Sec. 24, T39N, R9W, NMPM.

5. Forest Service Special Use Permit for a power transmission line to La Plata Electric Association, Inc., over and across the E1/2SE1/4 of Sec. 13 and the E1/2NE1/4 of Sec. 24, T39N, R9W, NMPM, for a right-of-way varying between 30 and 37.5 feet on either side of centerline.

6. The Landowner shall execute suitable easements or agreements to the parties now holding Forest Service Special Use Permits listed above. Said easements or agreements shall authorize only those rights, privileges, and obligations currently authorized by Forest Service Special Use Permits.

7. The Forest Supervisor, San Juan National Forest, shall secure relinquishments of the above Permits upon execution of the easements or agreements cited in Item 6 immediately above. Such relinquishments may be in the form of a relinquishment document, permit amendment, or notice from the Forest Supervisor that the permit has been terminated upon conveyance of the Federal lands described in Schedule B.

8. Boyce Lake Campground Recreation Withdrawal: PLO 3051, C-066611, withdraws the land in the SE1/4NE1/4 and NE1/4SE1/4 of Sec. 13, T39N, R9W, NMPM. This withdrawal will automatically cancel upon issuance of patent.

9. Scenic & Travel Influence Zone for US 550: C-21667, withdraws the land in W1/2E1/2, W1/2SE1/4SE1/4, Sec. 13; W1/2E1/2NE1/4, W1/2NE1/4, Sec. 24; and E1/2E1/2NE1/4NW1/4, Sec. 25, T39N, R9W, NMPM. This withdrawal will automatically cancel upon issuance of patent.

10. Memorandum of Understanding between the Forest Service and the Soil Conservation Service to install the Cascade snow course consisting of a snow pillow (8' x 10'), precipitation guage and tower, small shelter house (approximately 24 square feet), and antenna. The Soil Conservation Service was put on notice as of June 13, 1990, that the current site will need to be relocated. The current site will be protected for a period of five (5) years (until June 30, 1995) by which time the site will be relocated or terminated. The Forest Service will monitor the current site during this 5-year period to insure that T-H Land Company or its successors in title do not alter the 400 foot buffer zone.

11. The Landowner agrees to exclusive use by the United States and its assigns of Purgatory Campground without compensation as currently located until such time as the Landowner replaces the campground in-kind and at the location designated by the Forest Service. The relocation of the campground may occur at any time after the date of consummation of this exchange but not later than December 31, 2000. The relocation site is described as partially within the SE1/4SW1/4 and SW1/4SE1/4, Section 24, T39N, R9W, NMPM.

595883

12. The Landowner agrees to exclusive use by the United States and its assigns of allotment corrals and boundary fence as currently located until such time as the Landowner replaces the same in-kind and at the location designated by the Forest Service, if the replacement is deemed necessary by the Forest Service. The relocation may occur at any time after the date of consummation of this exchange but not later than June 30, 1995.